# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| GREGORY L. WALLACE<br><br>Plaintiff,<br><br>vs.<br><br>KIM HAMM, CRAIG C. HENSEL, and DAVID DUKE,<br><br>Defendants. | Cause No. CV 12-00073-BLG-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Gregory Wallace has filed a Motion to proceed in Forma Pauperis, a proposed Complaint, and an Amended Complaint. *Court Doc. 1, 2, 4.* The Motion to Proceed in Forma Pauperis will be granted.

Wallace's allegations are largely incoherent but it appears he is challenging a criminal proceeding by suing prosecutors and his criminal defense attorney. To the extent Wallace is challenging his conviction, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, the named defendants are either entitled to immunity or are not proper defendants to this action. The case will be recommended for dismissal.

1

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Wallace submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Wallace must pay the statutory filing fee of $350.00. As Wallace has recently been transferred to Montana State Prison, he only has an account statement for one month. As this is insufficient data upon which to calculate an initial filing fee, the initial partial filing fee will be waived. Wallace must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). A separate order will

direct the agency having custody of Wallace to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. Parties

Wallace is a prisoner proceeding without counsel. He was incarcerated at the Yellowstone County Detention Center at the time he filed his Complaint. Although he has not filed a Notice of Change of Address, the account statement filed August 22, 2012 indicates he is incarcerated at Montana State Prison.

Wallace names the following Defendants in the parties section of his Amended Complaint: Kim Hamm, Assistant Yellowstone County Attorney; David Duke, Regional Deputy Public Defender for Region 9–Billings; and Craig Hensel, Deputy Billings City Attorney. *Court Doc. 4*, p. 4. Wallace listed Robert R. Spoja in the case heading of his motion to proceed in forma pauperis. As Mr. Spoja was not listed as a defendant in the Amended Complaint, he is not considered a defendant herein.

3

B. **Allegations**

Wallace's allegations are largely incoherent. Construing the Complaint and Amended Complaint quite liberally, it appears Wallace is attempting to challenge a criminal conviction. This is gleaned primarily from the individuals Wallace has named as defendants and the injury section of the Amended Complaint which includes the words, "permit uncounseled convictions." *Court Doc. 4, p. 6.*

**IV. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW**

Wallace is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

V.  **ANALYSIS**

    **A.  Challenge to Convictions**

Wallace alleges as one of his injuries "uncounseled convictions." *Court Doc. 4, p. 6.* The Montana Department of Corrections website indicates Wallace is currently incarcerated on a June 4, 2012 conviction for persistent felony offender for a fourth or subsequent DUI. [www.app.mt.gov/conweb](www.app.mt.gov/conweb).

To the extent Wallace is challenging his conviction(s), those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 487.

A finding that Wallace's rights were violated during his criminal proceedings would necessarily imply the invalidity of his conviction or probation revocation. As Wallace's conviction and probation revocation have not been reversed, declared invalid, expunged, or called into question, any claims challenging his probation revocation or underlying conviction are barred by *Heck*.

**B. Prosecutorial Immunity**

Wallace names two prosecutors as defendants: Kim Hamm and Craig Hensel. A prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In order to determine whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

All allegations against Defendants Hamm and Hensel arise from

their activities intimately associated with the judicial phase of criminal proceedings. These Defendants are entitled to prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997).

### C. Defense Attorney

Lastly, Wallace names David Duke, Regional Deputy Public Defender for Region 9–Billings. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

Even if Wallace could prove Mr. Duke somehow violated his rights under the United States Constitution, he cannot state a federal claim for damages against Mr. Duke because there would be no state action. All claims against Mr. Duke will be recommended for dismissal.

## VI. CONCLUSION

### A. Leave to Amend

Wallace's claims challenging his underlying conviction(s) are barred by the *Heck* doctrine; he cannot state a federal claim against Defendant Duke because there is no state action; and Defendants Hamm and Hensel are entitled to absolute prosecutorial immunity. These are not defects which could be cured by amendment. This case should be dismissed.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is

9

not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the Complaint and Amended Complaint are frivolous as they lack arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. § 1915(g).

In addition, Wallace has otherwise failed to state a claim against Defendant Duke, and Defendants Hamm and Hensel are entitled to

immunity. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

   **D. Address Changes**

At all times during the pendency of this action, Wallace SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Wallace has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

**ORDER**

1. Wallace's Motion to Proceed in Forma Pauperis (*Court Doc. 1*) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (*Court Doc. 2*) to remove the word "LODGED" and the

Complaint is deemed filed on June 19, 2012.

3. The Clerk of Court is directed to serve a copy of this Order on Wallace at Montana State Prison.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Wallace failed to state a claim upon which relief may be granted and his claims are frivolous.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Wallace may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Wallace files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Wallace from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a

de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of September, 2012.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge